In the Matter of ALEXANDER CUMMING, an Attorney, Respondent.

First Department, October 9, 1931.

*Einar Chrystie,* for the petitioner.

*Alexander Cumming,* respondent in person.

FINCH, P. J.  Respondent was admitted to practice as an attorney and counselor at law at a term of the Appellate Division of the Supreme Court, First Department, on November 12, 1909.

This proceeding was referred to an official referee to take proof of the charges set forth in the petition and to report the same with his opinion thereon.  On December 19, 1930, the referee filed his report in which he finds that the charges have been sustained by the evidence adduced before him.  Thereafter the court, upon the application of the respondent, referred the proceeding back to the official referee for the purpose of enabling the respondent to offer additional testimony.  Hearings were thereafter held and the

respondent presented additional evidence in his own behalf. On April 30, 1931, the official referee filed a supplemental report in which he again finds that the charges set forth in the petition have been sustained.

The petitioner moves for the confirmation of the report and for appropriate action thereon.

The petition sets forth three charges of professional misconduct against the respondent. *First*, it is charged that in an action in which the respondent represented Margaret Ryan, a tenant, he paid on her behalf sixteen dollars and eighty-eight cents to the attorney for the landlord, and accepted a receipt stating that the sum was received " without prejudice." Subsequently the respondent drew or caused to be drawn a pencil line through the words " without prejudice," and when the case was reached for trial falsely testified that the sum of sixteen dollars and eighty-eight cents was paid in full settlement of the claim, and that the words " without prejudice " had been struck out before the receipt was delivered to the respondent.

In his written answer to this charge the respondent stated that when he noticed the words " without prejudice " on the receipt, he objected that this was not a final adjustment, whereupon Mr. Geist, the landlord's attorney, took back the receipt and with his watch fob lead pencil crossed out the words " without prejudice."

Before the official referee the respondent sought to modify this answer, but so shifting and evasive is his testimony that it is impossible to determine what his contention is as to the striking out of the aforesaid words, except that they were struck out when he received the receipt.

The facts appearing from the record are that the respondent appeared as attorney for the tenants in a large number of actions brought by the landlord for the purpose of securing increases of rent. Included in these actions were actions against tenants named O'Brien, Orling and Hager. Subsequently Mrs. Ryan leased an apartment in the premises at a higher rental than was paid by tenants occupying similar space at the time of the commencement of the actions against O'Brien and others. After paying this rental for several months, she refused to continue to pay it, and dispossess proceedings were instituted against her. In the meantime the O'Brien cases had been decided, granting increases in the case of all tenants affected by that decision. The Ryan case was not thereby affected. The landlord sent to the tenants so affected circulars calling for the payment of the increased rent. Two of these tenants, namely, Orling and Hager, gave to the respondent the money demanded for the purpose of paying it to the landlord.

These payments were tendered by the respondent to Mr. Geist, the attorney for the landlord, and he wrote upon the back of a circular an unqualified receipt in each case.

The respondent at the same time tendered sixteen dollars and eighty-eight cents in settlement of the Ryan case. Mr. Geist stated he did not know what was due in that case and would not accept any payment in settlement until he could ascertain if it was satisfactory to the landlord. Pursuant to this he gave the respondent the receipt in question written in ink by him upon a blank sheet of paper and containing the words " without prejudice."

The respondent subsequently was informed that the amount paid was insufficient and would not be accepted in settlement of the action. The action went to trial, at which the respondent represented to the court that the words " without prejudice " had been struck from the receipt when it was delivered and that the payment it covered was made in settlement of the action. So obviously untrue was the testimony of the respondent in this connection, so evasive and lacking in candor, that the trial justice himself directed the bringing of this charge to the attention of the petitioner herein.

The same lack of candor is apparent throughout the examination of the respondent before the official referee. Instead of attempting to meet the charge, the respondent goes into extraneous and irrelevant matters.

We find this charge fully sustained by the evidence.

The *second* charge against the respondent is that having been employed by one Mrs. De Remal, a tenant, and having received from her a check for sixty dollars to be deposited in court in payment of the rent of her apartment, the respondent instead converted the proceeds of said check, as a result of which Mrs. De Remal was dispossessed.

In answer to this charge the respondent alleged that there was no agreement to pay the money to the landlord or deposit it in court. The respondent further claimed he was entitled to retain the money on account of services rendered to Mrs. De Remal, claiming she now owes him seventy-five dollars for such services.

In connection with this charge it appears from the record that Mrs. Doris De Remal, a tenant of an apartment, employed the respondent to compel the landlord to furnish adequate heat and hot water, and gave him a check for fifty dollars for services and disbursements. The following day the landlord assured Mrs. De Remal the condition would be improved, whereupon she notified the respondent to take no action in the matter, and that she had stopped payment on the check given him. The landlord did not

improve the service and the respondent was again employed and paid fifty dollars to compel the landlord, by court proceedings if necessary, to furnish the necessary heat and hot water. Notwithstanding Mrs. De Remal complained to the respondent almost continuously during the following winter of the failure of the landlord to furnish such heat and hot water, the respondent apparently did nothing more than request the landlord so to do. Finally Mrs. De Remal notified the respondent of her intention to remove about the first of July. She was advised by the respondent if she remained in the premises after June first she would be liable for a full month's rent. She thereupon sent the respondent a check for a month's rent to the order of the landlord, with instructions to use it if necessary.

The landlord commenced a dispossess proceeding against Mrs. De Remal. She asked the respondent why he had not paid the rent, and he informed her that in view of the commencement of the dispossess proceeding it would be necessary to deposit the money in court, for which purpose he needed a check drawn to his own order. In order to avoid being dispossessed in June, Mrs. De Remal gave the respondent a check drawn to his order for sixty dollars, having indorsed thereon " for rent dep. in Court." The proceeds of this check the respondent appropriated to his own use. On the return day of the dispossess proceeding the respondent appeared in court and merely asked for a stay of the warrant. Mrs. De Remal was dispossessed and then for the first time learned that the money given the respondent had not been paid into court.

Upon the respondent being notified of the complaint before the petitioner, he returned the sixty dollars to Mrs. De Remal and sent her a bill for seventy-five dollars, stamped " third notice." The respondent claims he sent two previous bills for this amount. Mrs. De Remal denied any previous claim for any fee. It is at once apparent that if the respondent had applied the sixty dollars against a claim of seventy-five dollars for services rendered, he would not be sending bills for seventy-five dollars. The fact, also, that Mrs. De Remal wrote on the sixty-dollar check " for rent dep. in Court " corroborates her version of the transaction and brands as false that of the respondent.

By the *third* charge the respondent is alleged to have undertaken to appeal from a judgment granting an increase of rent of apartments in certain premises and to accept in installments payments aggregating twenty-two dollars and fifty cents from each tenant in the building. Although the respondent received from each tenant fifteen dollars on account, he did nothing except file a notice

of appeal. The tenants were compelled to pay the increased rent fixed by the judgment or be dispossessed. The tenants were willing to pay the agreed installments, and, therefore, it is claimed the failure of respondent to prosecute the appeal is without excuse.

In answer to this charge the respondent claims that five dollars of the payment of fifteen dollars represents his fee for appearance in the Municipal Court, and that, therefore, the tenants had paid only ten dollars on account of the appeal.

The testimony of the tenants is that the respondent had been paid ten dollars by each of them for his services in the trial of the action. The respondent admits this fee was received, but claims that five dollars of the fifteen dollars alleged to have been paid on account of the appeal was applicable to that trial fee. The evidence clearly disproves this contention.

The referee recommends that the court take into consideration the previous excellent character and high standing of the respondent. Previous high standing, however, cannot condone the offenses of which this respondent stands proven guilty. The respondent has shown himself unfit longer to remain a member of the bar, and should, therefore, be disbarred.

McAvoy, Martin, O'Malley and Townley, JJ., concur.

Respondent disbarred.